**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| JEFF KLUEH and JAKE CAMPBELL, individually and on behalf of all other similarly situated Illinois residents,<br><br>      Plaintiffs,<br>v.<br><br>PAUL VALLAS FOR ALL CHICAGO,<br><br>      Defendant. | Case No.: 1:19-cv-00249 |

**CLASS ACTION COMPLAINT**

Plaintiffs JEFF KLUEH and JAKE CAMPBELL (at time "Plaintiffs"), by and through their attorney James C. Vlahakis of Sulaiman Law Group, Ltd, bring this Class Action Complaint pursuant to Rule 23 of the Federal Rules of Civil Procedure in their individual capacities and on behalf of a class of all other similarly situated persons who received automated text messages promoting City of Chicago mayoral candidate Paul Vallas, without their consent, and in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.*

**JURISDICTION, PARTIES AND VENUE**

1. This civil action arises under and is brought pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq.* The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling or text messaging persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent.

2. Subject matter jurisdiction exists pursuant to 28 U.S.C. §§1331 and 1337, as this civil action arises from a violation of a federal statute, 47 U.S.C. §227.

1

3. Plaintiff JEFF KLUEH ("Klueh") is a natural person residing in Chicago, Illinois, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Plaintiff JAKE CAMPBELL ("Campbell") is a natural person residing in Chicago, Illinois, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Defendant PAUL VALLAS FOR ALL CHICAGO ("Vallas Chicago" or "Defendant") is a "person" as defined by 47 U.S.C. § 153(39) and is headquartered in Chicago, Illinois.

6. Vallas Chicago acted through its agents, employees, officers, members, volunteers, staffers, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

7. Venue is proper in this District pursuant to 28 U.S.C. §1391 because Plaintiffs reside in this District, Vallas Chicago is headquartered in this District and conducts substantial business in this District, and all of the conduct giving rise to the claims occurred within this District.

## ALLEGATIONS

9. Section 227(a)(1) of the TCPA defines an ATDS as "equipment which has the capacity…to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

10. As set forth below, Vallas Chicago transmitted unsolicited text messages ("Political Text Messages" or "Political Text Message") to Plaintiffs and hundreds of other persons through the use of an ATDS.

11. As the Ninth Circuit Court of Appeals has recognized, "language in the [TCPA] indicates that equipment that made automatic calls from lists of recipients was also covered by the TCPA." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1051 (9th Cir. 2018).

2

12. The *Marks* court analyzed and rejected the defendant's argument that its text messages did not violate the TCPA because the messages were not sent to randomly or sequentially generated telephone numbers: "we conclude that the statutory definition of ATDS is not limited to devices with the capacity to call numbers produced by a 'random or sequential number generator,' but also includes devices with the capacity to dial stored numbers automatically." *Id.* at 1052.

13. Finally, the court in *Marks* rejected the defendant's argument that the unsolicited text message that were sent did not violate the TCPA because humans had some involvement in the transmission of the text messages:

> We also reject Crunch's argument that a device cannot qualify as an ATDS unless it is fully automatic, meaning that it must operate without any human intervention whatsoever. By referring to the relevant device as an "*automatic* telephone *dialing* system," Congress made clear that it was targeting equipment that could engage in automatic *dialing*, rather than equipment that operated without any human oversight or control. Common sense indicates that human intervention of some sort is required before an autodialer can begin making calls, whether turning on the machine or initiating its functions. Congress was clearly aware that, at the very least, a human has to flip the switch on an ATDS. Crunch does not dispute that the Textmunication system dials numbers automatically, and therefore it has the automatic dialing function necessary to qualify as an ATDS, even though humans, rather than machines, are needed to add phone numbers to the Textmunication platform.

*Id.* at 1052-53 (citations omitted).

14. As discussed below, consistent with the findings in *Marks*, Vallas Chicago sent unsolicited and non-consensual text messages to Plaintiffs' cellular telephones and the cellular phones of other people with an ATDS in violation of Section 227 of the TCPA.

15. On December 5, 2018, Plaintiff Klueh received the below Political Text Message on his cellular telephone number, (773)xxx-9413, from Vallas Chicago.



16. Plaintiff Klueh did not consent to receive the above Political Text Message.

17. Plaintiff Klueh did not sign any type of or electronic documents which authorized Vallas Chicago to transmit the above Political Text Message to his cellular telephone number.

18. Vallas Chicago used an automated phone dialing system to send the above Political Text Message to Plaintiff Klueh's cellular telephone.

19. On December 20, 2018, Plaintiff Klueh received the below Political Text Message on his cellular telephone number from Vallas Chicago.



20. Plaintiff Klueh did not consent to receive the above Political Text Message.

21. Klueh did not sign any type of or electronic documents which authorized Vallas Chicago to transmit the above Political Text Message to his cellular telephone number.

22. Vallas Chicago used an automated phone dialing system to send the above Political Text Message to Plaintiff Klueh's cellular telephone.

Case: 1:19-cv-00249 Document #: 1 Filed: 01/11/19 Page 6 of 12 PageID #:6

23. On January 2, 2019, Plaintiff Campbell received the below Political Text Message on his cellular telephone number, (630)xxx-6131, from Vallas Chicago.





24. Plaintiff Campbell did not consent to receive the above Political Text Message.

25. Plaintiff Campbell did not sign any type of or electronic documents which authorized Vallas Chicago to transmit the above Political Text Message to his cellular telephone number.

26. Vallas Chicago used an automated phone dialing system to send the above Political Text Message to Plaintiff Campbell's cellular telephone.

27. None of the Political Text Messages that Vallas Chicago sent to Plaintiffs contained the word "STOP" which could have allowed Plaintiffs to opt of future Political Text Messages.

28. On information and belief, Vallas Chicago purchased or otherwise acquired Plaintiffs' cellular numbers from a mass list or database and did so without Plaintiffs' written permission.

29. On information and belief, Vallas Chicago purchased or otherwise acquired hundreds of Illinois based cellular numbers from a mass list or database and did so without the written permission of the cellular subscribers.

30. Vallas Chicago knew Plaintiffs' phone numbers were cellular telephone phone numbers before Vallas Chicago transmitted the Political Text Messages to Plaintiffs' phone numbers.

31. Defendant never had permission to text the Political Text Messages to Plaintiffs' cellular telephones.

32. Vallas Chicago used an automated phone dialing system to send the same or similar Political Text Messages to thousands of Illinois based cellular telephone numbers.

33. Plaintiffs bring this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

34. The Class consists of:

   a. all persons who were sent text messages from Vallas Chicago;

   b. where the text messages promoted the candidacy of Paul Vallas for Mayor of the city of Chicago, Illinois ("Political Text Messages");

   c. where the Political Text Messages were transmitted to cellular telephone numbers that were identified as cellular numbers by Vallas Chicago or its employees and/or agents at the time the Political Text Messages were transmitted;

   d. where the Political Text Messages were not sent by humans typing each individual Political Text Messages (and were instead sent by way of an automated system that constitutes an Automated Telephone Dialing System as defined by the TCPA);

   e. where Vallas Chicago did not have the express permission of the persons who were sent the Political Text Messages; and

   f. the Political Text Messages were transmitted to Illinois based area codes.

35. There are questions of law and fact common to Plaintiffs and the Class Members that they seek to represent.

36. The principal legal and factual issues are whether Vallas Chicago transmitted text messages using an automated telephone dialing system to cellular phones other persons with Illinois area codes without their express permission and whether this conduct violates 47 U.S.C. §§ 227 *et seq.*

37. These common questions of law and fact predominate over any individualized issues.

38. Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

39. Plaintiffs will fairly and adequately protect the interests of the putative Class Members defined above.

40. Plaintiffs and their proposed class counsel have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions.

41. Plaintiffs do not have any interest that might cause them not to vigorously pursue this civil action to certification, trial and/or settlement on a classwide basis.

42. Proposed class counsel will zealously prosecute this civil action.

43. Class Members can be readily ascertained from Defendant's records and commercially available databases.

44. This civil action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation.

45. The proposed Class defined above is so numerous that joinder of all members would be impractical. On information and belief, more than forty and at least several hundred persons with Illinois area codes were sent the subject text messages.

46. As alleged above, common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's sending of text messages using an ATDS (hereafter "automated delivery system") to Illinois area code based cellular phones without their permission violates 47 U.S.C. §§ 227 *et seq.*

47. On information and belief, the automated delivery system used by Defendant to transmit the Political Text Messages has the capacity to automatically transmit hundreds of the Political Text Messages at the same time.

9

48. On information and belief, the automated delivery system used by Defendant to transmit the Political Text Messages has the capacity to automatically transmit hundreds of the Political Text Messages at the same time without any meaningful human intervention.

49. On information and belief, the automated delivery system used by Defendant to transmit the Political Text Messages has the capacity to automatically transmit hundreds of the Political Text Messages at the same time in a random or sequential manner to cellular telephone numbers that are stored and/or generated by Defendant's automated system.

50. On information and belief, the automated delivery system used by Defendant to transmit the Political Text Messages has the capacity to automatically transmit hundreds of the Political Text Messages at the same time to cellular telephone numbers that are stored and/or generated by Defendant's automated system.

51. On information and belief, the automated delivery system used by Defendant to transmit the Political Text Messages has the capacity to automatically transmit hundreds of the Political Text Messages at the same time to randomly or sequentially generated cellular telephone numbers that are stored and/or otherwise generated by Defendant's automated system.

**COUNT I – NEGLIGENT VIOLATIONS OF THE TCPA**

34. Plaintiffs JEFF KLUEH and JAKE CAMPBELL reallege and incorporate by reference the above paragraphs as though fully set forth herein.

35. The Political Text Messages sent by Defendant to Plaintiffs were regarding political campaign activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

36. Pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiffs for at least $500.00 per call.

37. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiffs are otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiffs JEFF KLUEH and JAKE CAMPBELL individually and on behalf of all others similarly situated, seek judgment against Defendant:

   a. Declaring that this action is properly maintained as a Class Action and certifying Plaintiffs as Class representative, and appointing attorney James C. Vlahakis as Class Counsel;

   b. Award Plaintiffs and each Class Member statutory damages of $500.00 per unlawful text message pursuant to 47 U.S.C. §§ 227(b)(3)(B);

   c. Enjoining Defendant from further violations of the TCPA; and

   d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – WILLFUL AND WANTON VIOLATIONS OF THE TCPA

34. Plaintiffs JEFF KLUEH and JAKE CAMPBELL reallege and incorporate by reference the above paragraphs as though fully set forth herein.

38. As set forth above, Defendant violated the TCPA.

39. Pursuant to 47 U.S.C. § 227(b)(3)(C), Defendant is liable to Plaintiffs and the putative Class Members for up to $1,500.00 per unlawful text message.

**WHEREFORE**, Plaintiffs JEFF KLUEH and JAKE CAMPBELL individually and on behalf of all others similarly situated, seek judgment against Defendant:

a. Declaring that this action is properly maintained as a Class Action and certifying Plaintiffs as Class representative, and appointing attorney James C. Vlahakis as Class Counsel;

b. Award Plaintiffs and each Class Member statutory damages of $1,500.00 per unlawful text message pursuant to 47 U.S.C. §§ 227(b)(3)(C);

c. Enjoining Defendant from further violations of the TCPA; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

***Plaintiffs demand a jury trial***

January 11, 2019

By: /s/ James C. Vlahakis

James C. Vlahakis
Sulaiman Law Group, Ltd
2500 S. Highland Ave., Suite 200
Lombard, IL 60148
(630) 581-5456
jvlahakis@sulaimanlaw.com

Counsel for Plaintiffs and the proposed class